## FLORIDA CRUSHED STONE CO., et al v. APALACHICOLA NORTHERN R. R. CO., et al.

### No. 6396-RR.

Railroad & Public Utilities Commission.

September 27, 1962.

F. C. Hillyer and A. M. Downey, Jr., both of Jacksonville, for the complainants.

Donald L. Turkal, Richmond, Va., for the defendant railroads.

Rudd K. Parsons, L. P. Schmitt and E. A. Taylor, Jr., all of St. Augustine, for Florida East Coast Ry. Co.

Ronald A. Smith, Miami, in support of the defendants.

Chairman WILBUR C. KING, Commissioners JERRY W. CARTER and EDWIN L. MASON each participated in the decision in this case.

BY THE COMMISSION.

As a result of several orders entered by the commission in the above docket, the Florida East Coast Railway Company filed its petition for writ of certiorari in the Supreme Court of Florida seeking a review of said orders and a stay of the force and effect thereof pending completion of such review. The Supreme Court temporarily relinquished its jurisdiction in the matter and remanded the proceeding to this commission with directions that it grant a stay order upon the posting by Florida East Coast Railway Company of a supersedeas bond with the commission in the amount and upon such terms and conditions as the commission shall fix after notice to the attorneys for the parties and an opportunity given to such attorneys to be heard.

By virtue of the decision of the Supreme Court, this commission considers that its sole jurisdiction in this cause at this time is for the limited purpose of granting a stay of its prior orders, and fixing the terms and conditions of supersedeas bond. For that purpose, the commission designated its executive director and general counsel, Lewis W. Petteway, as examiner to hear the respective parties by their attorneys and recommend such terms and conditions for the supersedeas bond as may be justified by the facts presented to him by said parties for consideration by the commission. Said examiner held a formal conference with the attorneys for the parties and has made his recommendations to this commission.

We have previously denied a stay of our orders no. 3296 and no. 3296-A, which are now being contested by the Florida East Coast Railway Company before the Supreme Court. Our refusal to stay the force and effect of said orders has been reversed by the Supreme Court and we have been directed to grant the stay as requested. We have no discretion in the matter and, therefore, we shall direct herein that the force and effect of our orders no. 3296 and no. 3296-A, entered in docket no. 6396-RR, be stayed pending review and final decision thereof by the Supreme Court.

The attorneys for the parties in this cause have expressed considerable difference of opinion concerning the appropriate terms and conditions of the proposed supersedeas bond. The railroad takes the position that a bond in the sum of approximately $30,-000 would be adequate to protect the rights of intervening respondents in the certiorari proceeding, who, incidentally, were the

complainants in the original proceeding before the commission. On the other hand, the intervening respondents appear to feel that the bond should be not less than one million dollars, preferably more.

We have given careful consideration to the issues involved, and the rights of the parties to be protected by the supersedeas bond, and it is our opinion, and we so find, that a bond in the sum of $50,000 will be adequate in the premises. In arriving at this conclusion, we have taken into consideration the fact that the amount of the bond is not a limitation on the liability, or prospective liability, of the railroad in the event the Supreme Court should affirm our orders no. 3296 and 3296-A. Whatever the actual damages are which the intervening respondents may suffer by reason of the certiorari proceedings and the stay of the force and effect of our orders, the Florida East Coast Railway Company may be required to pay through appropriate court action, regardless of the amount of said bond.

The bond, then, is not a measure of possible damages, nor a full guaranty of payment of total damages. It is, rather, a good faith undertaking and as such may reasonably be set considerably less than anticipated or estimated damages.

The bond should cover damages incurred from the effective date of the orders which the Supreme Court is asked to review, inasmuch as the parties have agreed to this condition, and the stay of the orders should likewise be from said date.

There is attached hereto a copy of supersedeas bond submitted by Florida East Coast Railway Company, which we find contains proper and appropriate terms and conditions to be incorporated in the bond which the Florida East Coast Railway Company should be required to post in this proceeding as a condition precedent to a stay of our order no. 3296, as amended by our order no. 3296-A, dated January 15, 1962 and March 16, 1962, respectively.

Now, therefore, in consideration thereof, it is ordered that the force and effect of orders no. 3296 and no. 3296-A, issued by this commission on January 15, 1962 and March 16, 1962, respectively, be and the same are hereby stayed, pending final determination of the aforesaid certiorari proceeding in the Supreme Court of Florida, provided the Florida East Coast Railway Company shall first execute and file with this commission a good and sufficient surety bond in the sum of $50,000 conditioned in accordance with the terms and conditions of appendix A, which is hereto attached and made a part of this order.

It is further ordered that the stay of the force and effect of said orders no. 3296 and 3296-A, upon the posting of said bond by Florida East Coast Railway Company, shall be retroactive to the effective date of said orders; otherwise, said orders no. 3296 and 3296-A shall remain in full force and effect.

# APPENDIX A

### SUPERSEDEAS BOND

KNOW ALL MEN BY THESE PRESENTS, That Florida East Coast Railway Company, a Florida corporation, with principal office in the City of St. Augustine, St. Johns County, Florida, hereinafter called Principal, and .............................................................................., a corporation organized under the laws of ............................................... and duly licensed and authorized to do a surety business in the State of Florida, as Surety, are held and firmly bound, jointly and severally, unto Wilbur C. King, Jerry W. Carter, and Edwin L. Mason, as members of and constituting the Florida Railroad and Public Utilities Commission, and their successors in office, for the use and benefit of all person and persons, corporation and corporations, municipalities, counties, and agencies of the State of Florida, making or receiving, or both, intrastate shipments of Sand, Gravel, and Stone in multiple-car lots of ten (10) or more on and after March 26, 1962 under supplement to part of Item 64050 to Sand, Gravel, and Stone Tariff 388-J, I. C. C. S-146, as ordered and more fully described in that certain Order No. 3296 dated January 15, 1962, and Order No. 3296-A dated March 16, 1962, of Florida Crushed Stone Company, et al., Complainants, vs. Apalachicola Northern Railroad Company, et al., Defendants, Docket No. 6396-RR, the pertinent portions of said two Orders reading as follows:

(A) "ORDERED by the Florida Railroad and Public Utilities Commission that defendants remove said discriminations and preferences by publishing and filing with this Commission on 30 days notice in the Sand, Gravel, and Stone Tariff 388J, I. C. C. S-146, as a supplement to part of item 64050, the following provisions, for application in connection with all rates in the tariff to which the said part of item 64050 are applicable, and for application on all railroads, from all producing points to all destinations within and throughout the State of Florida, on intrastate traffic: 'Multiple-car shipments: When shipments are made in lots of *10* or *more* cars offered at one time from one consignor at one point of origin, billed to one consignee at one destination on one bill of lading, the rates shall be 15 cents per ton less than those applicable in this tariff for single-car shipments.' It is further

(B) "ORDERED that such tariff changes shall become effective on or before February 26, 1962; however, this Docket shall remain open for further proceedings in the event the multiple-car differential herein prescribed does not result in increasing the rail tonnage of such traffic as prophecied by complainant witnesses.

(C) "NOW, THEREFORE, IN CONSIDERATION THEREOF, The Florida Railroad and Public Utilities Commission, on its own motion, does hereby amend said Order No. 3296 so that the following paragraph will be added to Sheet No. 6 thereof immediately following the first paragraph of said sheet:

"It is further ORDERED that the defendant, Florida East Coast Railway Company, by appropriate supplement, amend its point-to-point rates in Section 1 of said tariff and elsewhere, if any, so that a differential of

15 cents, aforesaid, will apply uniformly between all points on its line of railroad for multiple-car shipments as contemplated by this Order. The amendment of said point-to-point rates shall become effective on or before March 26, 1962.

"By ORDER of Chairman Wilbur C. King, Commissioner Jerry W. Carter, and Commissioner Edwin L. Mason, as and constituting the Florida Railroad and Public Utilities Commission, this 16th day of March, 1962."

and until the certain Petition For Writ of Certiorari to the Railroad and Public Utilities Commission of the State of Florida filed by said Principal, Florida East Coast Railway Company in The Supreme Court of Florida on the 3rd day of April, 1962, be finally determined and said Order No. 3296 of January 15, 1962, as amended by Order No. 3296-A of March 16, 1962, be either sustained or quashed in whole or in part and set aside by The Supreme Court of Florida in respect to said Florida East Coast Railway Company in the penal sum of Fifty Thousand Dollars ($50,000), good and lawful money of The United States for the payment whereof we bind ourselves, our successors and assigns, jointly and severally firmly by these presents.

IN WITNESS WHEREOF the aforesaid Principal and Surety have caused this instrument to be duly executed in their respective names and their respective seals to be hereunto affixed by their officers or attorneys in fact thereunto duly authorized this ................ day of ........................................, 1962.

WHEREAS, the said Principal, Florida East Coast Railway Company, filed its Petition For Writ of Certiorari as hereinabove described in said Supreme Court of Florida and in connection therewith did also file in said Supreme Court its certain "Motion For Review of Order Refusing to Grant Supersedeas or Stay," on the ................ day of April, 1962, and said Supreme Court of Florida in said Certiorari proceedings instituted by Principal, Florida East Coast Railway Company, did by its order entered therein the 17th day of April, 1962, direct said Respondents constituting Florida Railroad and Public Utilities Commission to fix and determine the amount and terms of the Supersedeas Bond, upon the making and filing of which Supersedeas Bond pursuant to such order of said Respondents a Supersedeas or Stay of the hereinabove described Orders would become effective; and

WHEREAS, the said Respondents as Florida Railroad and Public Utilities Commission have by their Order No..................... entered in their said Docket No. 6396-RR fixed the terms and conditions of such Supersedeas Bond as well as the penal sum or sums thereof.

NOW, THEREFORE, THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, That if the said Principal, Florida East Coast Railway Company, or the aforesaid Surety hereof or both of them shall well, truly and faithfully perform and discharge each and every the following terms and conditions of this Supersedeas Bond, viz:

(1) During the period of time commencing March 16, 1962, and until said two Orders No. 3296 and No. 3296-A of the Respondents be either sustained, or quashed and set aside in whole or in part in respect to Florida East Coast Railway Company by The Supreme Court of Florida, the aforesaid Principal shall furnish to the Respondents Florida Railroad and Public Utilities Commission statements for each whole month and fraction thereof of the names and addresses so far as known to Principal of all beneficiaries of this Supersedeas Bond as hereinabove described and limited who were either shippers or consignees of products (but wholly in intrastate commerce) described in said Item 64050 of said Sand, Gravel, and Stone Tariff 388-J,

I. C. C. S-146 in multiple-car lots of 10 or more and via exclusively the lines of Florida East Coast Railway Company as well as shipments of said products in said quantities moving via the lines of Florida East Coast Railway Company and other connecting railroad common carriers of Florida East Coast Railway Company, said statements to also contain the dates of origin and delivery of such shipments, tonnages, the kind of product and the rates charged and the portion thereof collected.

(2) In the event said Order No. 3296 as amended by said Order No. 3296-A is sustained by The Supreme Court of Florida as to Florida East Coast Railway Company, then in such event Florida East Coast Railway Company, as Surety, or its aforesaid Surety as such or both of them shall pay unto the beneficiaries of this Supersedeas Bond as hereinabove described and who shall have made shipments in multiple-car lots of 10 or more cars of the product covered by the said Item 64050 of the hereinabove described tariff on or after the date of commencement of the period of time hereinabove specified (but only in intrastate commerce) for movement wholly via the lines of Florida East Coast Railway Company or for movement (only in intrastate commerce) in part via the lines of Florida East Coast Railway Company either as initial or delivering carrier and by the lines of railroad of any of the railroad connecting common carriers of Florida East Coast Railway Company in the State of Florida, and

(3) If the said Principal or Surety hereof or both shall also pay said beneficiaries hereinabove described of this Supersedeas Bond so making said multiple-car shipments their lawful costs in such behalf sustained, if said Order No. 3296, as amended by said Order No. 3296-A, is sustained as aforesaid as to Florida East Coast Railway Company, then in such events this bond obligation shall be null and void, otherwise to remain in full force and effect.

FLORIDA EAST COAST RAILWAY COMPANY

By................................................................................
Vice President

By................................................................................
Attorney in Fact and Resident
Florida Agent